# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND



CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND  20770
(301) 344-0627

December 9, 2021

Re:   *Rebert v. Brook Furniture Rental, Inc., et al.*
      Civil Action No. 8:20-cv-00067-GLS

## MEMORANDUM TO COUNSEL

This memorandum confirms the trial date that has been set in this case as discussed during our November 23, 2021 telephone conference.  This memorandum also provides the schedule for this case and sets forth certain instructions relating to trial preparation.

| | |
|---|---|
| **June 17, 2022** | **Motions in Limine Due** |
| **June 24, 2022** | **Oppositions to Motions in Limine Due** |
| **June 30, 2022** | **Deadline for submitting: a joint statement of facts (no more than one short paragraph); Joint Proposed: (a) Voir Dire Questions, (b) Jury Instructions, and (c) Verdict Form; and a Joint Pretrial Order. If you are unable to agree on some jury instructions, this date is the deadline for a party's Proposed Voir Dire Questions, Jury Instructions, and Verdict Form.** |
| **June 30, 2022** | **Copy of all exhibits in exhibit binder(s) due to Chambers of Judge Simms and to the parties** |
| **July 11, 2022 at 9:30 AM** | **Pretrial Conference/Motions Hearing. Courtroom TBD.** |
| **August 9 - 12, 2022 at 8:30 AM** | **Jury Trial (4 days). Courtroom TBD.** |

*Rebert v. Brook Furniture Rental, Inc., et al.*
December 9, 2021
Page 2

## Proposed Pretrial Order

The pretrial order must comply with all provisions of Local Rule 106. The purpose of this proposed order is to summarize what is established and what needs to be resolved at trial. The proposed pretrial order shall include final stipulations, or requests for stipulations, of specific facts, which include the legal theories relied upon in each claim and defense. *See* Loc. R. 106.2(f). With regard to evidence, the proposed pretrial order must include a detailed list of "exhibits the parties agree may be offered in evidence without the usual authentication." Loc. R. 106.2(h). The list of documents should be detailed and include each document by title. The list of witnesses must satisfy Local Rule 106.2(i). For depositions under Fed. R. Civ. P. 32, the parties shall include "[a] list of the pages and/or lines of any portion of a deposition to be offered in a party's case in chief or any counter-designations." Loc. R. 106.2(k). If the parties do not plan to use depositions in their cases in chief, they may indicate the same and reserve the right to use depositions for impeachment. The parties will indicate their agreement, or lack thereof, as to admissibility of each document and any testimony to be presented as evidence. *See* Loc. R. 106.2(g), (l), (m).

In addition to the information required by Local Rule 106.2(j), the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial. *See* Loc. R. 106.2(m). The parties shall identify those witnesses designated pursuant to Rule26(a)(2)(A) separately from those designated pursuant to Rule 26(a)(2)(B).

## Voir Dire, Jury Instructions, and Verdict Forms

The Court prefers to use the standard jury instructions found in the latest edition of the *Modern Federal Jury Instructions (Sand & Siffert)* series, and/or *Maryland Civil Pattern Jury Instructions,* where appropriate. Attached you will find the **standard jury instructions** that I will be using, and it is not necessary to include these instructions in your submission.

You should submit proposed **joint** voir dire questions, proposed joint jury instructions on issues specifically relating to this case, and a proposed joint special verdict form. You may submit separately any voir dire questions, jury instructions, and special verdict forms upon which you cannot agree. However, it is expected that counsel will be able to reach agreement as to the vast majority of the jury instructions. In this regard, you should be guided by the applicable pattern instructions. All of your proposed voir dire questions, jury instructions, special verdict forms, and proposed pretrial order should be filed electronically via the CM/ECF system and emailed, as Microsoft Word documents, to Chambers at MDD_GLSChambers@mdd.uscourts.gov. **A hard copy of these documents shall be provided to Chambers by no later than the date of the Pretrial Conference.**

Your proposed joint voir dire should include a brief proposed statement of facts to be read to the venire panel explaining the nature of the case in general terms.

Your proposed jury instructions should (a) be typed one per page; (b) be numbered and assembled in the order in which you request that they be read to the jury; and (c) include a citation

*Rebert v. Brook Furniture Rental, Inc., et al.*
December 9, 2021
Page 3

of the authorities supporting the instruction. Any request for an instruction ordinarily should be based on the pattern Modern Federal Jury Instructions, or where Maryland law is applicable, on the Maryland Pattern Jury Instructions. Submissions should be in Microsoft Word format with the changes or modifications made using the "Track Changes" function.

### Jury Selection

Depending on the status of the COVID-19 pandemic, the Court may still be using certain jury selection procedures to aid it and counsel in safely selecting a jury. The jury selection process will be discussed during the Pretrial Conference.

### Guaranteeing Witness Availability

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Local Rule 106.2(i), as "expecting to present" at trial.

### Disclosure of Opinions of Expert Witnesses

In addition to the information required by Local Rule 106.2.j, the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial. The parties shall identify those witnesses designated pursuant to Rule 26(a)(2)(A) separately from those designated pursuant to Rule 26(a)(2)(B).

### Exhibits

In addition to the objections noted on the pretrial order, please be prepared to advise me at the Pretrial Conference of any unresolved objections to the documents and exhibits listed in the pretrial order in accordance with Local Rule 106.2(g). Any objections not disclosed at that time, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown. Fed. R. Civ. P. 26(a)(3).

You must meet with one another prior to trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7(b). The parties should attempt to agree on the admissibility of all exhibits and inform the Court of those exhibits about which agreement cannot be reached. If a party raises an issue as to the admissibility of an exhibit, the disputed exhibit(s) will be discussed at the Pretrial Conference. **Only copies of disputed exhibits are required to be provided to the Court for review at the Pretrial Conference. Those disputed documents shall be placed in an exhibit binder, and should be pre-marked. A hard copy of the disputed exhibits shall be provided to Chambers by no later than the date of the Pretrial Conference.**

If you have any **videotaped evidence** that you would like the Court to review for admissibility at trial, **you must bring it to the Pretrial Conference**.

*Rebert v. Brook Furniture Rental, Inc., et al.*
December 9, 2021
Page 4

Following the Pretrial Conference, all trial exhibits must be tagged and numbered in accordance with Local Rule 106.7(a). Counsel will be provided with an exhibit list template that must be used at trial. **On the day of trial, the parties shall provide a courtesy copy of their exhibits to the Court.** Copies of the parties' proposed exhibits must be in a three-ring binder and tabbed. The parties should provide, in addition, impeachment exhibits each intends to offer into evidence at trial. Impeachment exhibits need not be disclosed to other parties, but should be provided **only to the Court** in the exhibit binders.

### Use of Courtroom Equipment

In light of the COVID-19 pandemic, the Court has instituted safety protocols that include the use of certain courtroom equipment. Please be prepared to attend a technology conference to discuss the various forms of technology to be used during trial. This technology conference will occur no earlier than **four (4) weeks** before trial. Chambers will contact counsel to schedule this conference. **If you have audio or video materials that you would like to use at trial, these will be discussed during the technology conference.**

By no later than **June 30, 2022**, please advise the Court in writing, with a letter to Chambers (cc'ng opposing counsel), of any requests to use the following courtroom equipment: DVD players and monitors, x-ray boxes, and the electronic evidence presenter. That letter should also notify the Court of any special concerns about the use of technology.

### Trial Instructions

Please read carefully the attached memorandum entitled **"Instructions To Counsel Regarding Trial Procedure And Conduct."** You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

### Settlement

Unless the court is notified of any settlement no later than one full business day prior to the day on which the trial is scheduled to begin, jury costs will be imposed in accordance with Local Rule 107.4. Ordinarily, in civil cases 25–28 potential jurors are called as members of the venire panel and the cost per juror is approximately $70.

Despite the informal nature of this letter, it is nonetheless an order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge

Attachments